## SHAWNEE-TECUMSEH TRACTION CO. v. WOLLARD

No. 5282.    Opinion Filed December 14, 1915.

Rehearing Denied January 11, 1916.

(153 Pac. 1189.)

1. APPEAL AND ERROR—Pleading—Discretionary Ruling—Allowance of Amendments.  The allowance of amendments to pleadings during the trial, in the furtherance of justice, when the same do not change substantially the claim or defense, rests in the sound discretion of the court, and the same will not be disturbed unless such amendments have operated to prejudice the rights of the complaining party.

2. CARRIERS—Injury to Passenger—Evidence.  Record examined, and held: First. that the evidence admitted was competent under the pleadings; second, that the evidence established sufficient facts from which a jury was authorized to draw the inference that the injuries were caused by the fall.

3. SAME—Negligent Order—Proximate Cause.  Where the evidence discloses that the plaintiff approached the street car from the west. that the door was open, that she took hold of the handhold and had placed her foot upon the steps, when the conductor, who was on the east side of the car, and not in view of the steps on which plaintiff was standing, and acting under the orders of the superintendent, signaled the car to start, and the motorman obeyed that signal and started the car, which threw the plaintiff to the street, causing the injury, held, that the company was negligent in issuing the order. and that the act of the employee in following the order was the proximate cause of the injuries to plaintiff.

4. APPEAL AND ERROR—Injury to Passenger—Instructions—Request. Where the defendant does not request an instruction defining the word "passenger," it cannot be heard to complain on appeal that the court failed to define such word.

5. APPEAL AND ERROR—Harmless Error—Reversal.  Upon an examination of the entire record it is the opinion of this court that the errors complained of have not resulted in a miscarriage of justice, nor do they constitute a substantial violation of a constitutional or statutory right of the defendant.  Section 6005. Rev. Laws 1910.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Pottawatomie County;*
*Chas. B. Wilson, Jr., Judge.*

Action by Lydia A. Wollard against the Shawnee-Tecumseh Traction Company, a corporation. Judgment for plaintiff, and defendant brings error. Affirmed.

*Abernathy & Howell,* for plaintiff in error.

*Lydick & Eggerman,* for defendant in error.

Opinion by RITTENHOUSE, C. This is an action for damages for personal injuries alleged to have been sustained by the plaintiff while she was a passenger on defendant's car. It is alleged that while said car was standing at its destination in Tecumseh, Okla., and its conductor was away from the car, plaintiff approached from the west and endeavored to enter; that the door was open and plaintiff had grasped the handhold and placed her foot upon the steps, when the car, without a signal or other warning, and in the absence of the conductor, was suddenly and violently put in motion, and by reason thereof she was thrown to the street with great force and dragged a long distance; that the careless and negligent starting of the car by defendant, acting by and through its servants and agents, without signal from the conductor, and while the conductor was negligently absent, and without ascertaining that passengers were attempting to board the car before the same was started, was the proximate cause of the injury; that in falling her right arm was broken, her right shoulder dislocated, and the right hip bruised and lacerated; that she received serious and permanent injuries; that she was confined to her bed six weeks, and has suffered great and excruciating pain.

During the trial, the plaintiff was permitted, over the objection of the defendant, to amend her petition in the following particulars:

"That in falling to the ground as aforesaid the plaintiff's person and body was injured near the lower end of the spinal column, and as a result thereof fistula was produced, which later developed, and that fistula has caused the plaintiff much pain and suffering and she still suffers therefrom, and said injury is permanent. That in falling as aforesaid plaintiff's back and spinal column and each of them was bruised and injured severely, and from all of which she suffered and still suffers."

And afterwards, to amend her petition to conform to the facts proven, as follows:

"The plaintiff further says that at all times referred to herein one O. H. Weddle was the superintendent of the defendant company, having complete charge and control of all its business upon its lines as aforesaid, and having control and supervision of all employees, and that said O. H. Weddle had the power and authority and consent of the defendant company to make and promulgate rules governing the said employees. That prior to the time of the plaintiff's injuries as aforesaid the said O. H. Weddle, with full power and authority of the defendant company and as its superintendent, had promulgated and issued a rule which governed the conduct of said company and governed the conductor and motorman of the cars aforesaid; by the terms of which said rule and instruction the conductor was permitted to signal the motorman on said car and thereby cause the motorman of said car, when the conductor was away from said car and at a distance of many feet, thereby and under and by virtue of said rules and instructions the motorman was permitted to start the said car with the conductor off of the car; and the plaintiff says that the defendant company was negligent and careless in the issuance and promulgation and enforcement of said rules as aforesaid.

"The plaintiff says if she is mistaken in her allegation that the said car was started without signal from the conductor, then the facts are that the defendant com-

pany was guilty of negligence in permitting the motorman to start the car by a signal from the conductor when the conductor was off the car; and the defendant company was negligent in promulgating, issuing, and enforcing a rule to that effect. That the plaintiff is unable to state as a matter of fact whether the car was started with or without signal, these facts being peculiarly within the knowledge of the defendant and its employees."

Considerable space is devoted in the brief to the argument that the court erred in allowing these amendments: First, that an amendment cannot be made to conform to proof where there is no evidence upon which to base the amendment, and the case of *Northwest Thresher Co. v. McNinch,* 42 Okla. 155, 140 Pac. 1170, is cited in support thereof. This case was decided upon abuse of discretion in the allowance of the amendments. In the instant case, we are satisfied that the court did not abuse its discretion, and that the evidence supports the theory upon which the amendments were made. Second, it is contended that the last amendment was improper for the reason that there was no theory of plaintiff's case under which the facts alleged in the amendment, and the evidence on which it was based, could be material. This same question is presented upon the admissibility of the evidence, and will be more fully discussed by us under that subject. The allowance of amendments to pleadings, during the trial, in the furtherance of justice, when the same do not change substantially the claim or defense, rests in the sound discretion of the court, and the same will not be disturbed unless such amendments have operated to prejudice the rights of the complaining party. *City of Shawnee et al. v. Slankard,* 29 Okla. 133, 116 Pac. 803.

It is next argued that the trial court committed prejudicial error in the admission of incompetent, irrelevant, and immaterial evidence, by allowing O. H. Weddle to testify that there were no written rules of the company regarding the duty of the conductor to ride the car to the end of the line and back, and that he had given instructions to J. M. Chandler, who was the motorman, that on account of the necessity for delivering and collecting freight at Tecumseh, he could proceed to the end of the line, which was a half block up from the point at which they began to deliver freight, without the conductor riding on the back end of the car, provided he would look at both sides of the car before starting; that he did not remember of having communicated the instruction to J. C. Merritt, the conductor, but that Mr. Chandler probably informed him without further instructions. Objection is further made to the testimony of the conductor, J. C. Merritt, wherein he testified that under the rules of the company he was allowed to signal the car to start before he got to the car, and that the motorman was permitted to start the car without waiting for him to get to the car. The argument in support of this assignment of error is not clear. We think, however, that the evidence was competent and came within the pleadings as amended. O. H. Weddle was superintendent of the company; J. C. Merritt was the conductor acting under him. The plaintiff charged that Weddle had the power and authority to make rules and regulations governing the employees; that he had made a rule which allowed the conductor to signal the motorman of the car and thereby cause the motorman, in the absence of the conductor, to start the car without his presence, and that by reason of this negligence the plaintiff was injured. The evidence supports this allegation.

It is next contended that the court erred in admitting the evidence of the plaintiff wherein she testified that at the time of her injury she was keeping a boarding house, that she was in bed six weeks by reason of the injury, and that she was unable to get out of the house for six months.  This evidence was admitted for the purpose of fixing the time of the injury, the duration of the illness, and the extent of the suffering.  It is contended here, however, that this evidence was incompetent, for the reason that plaintiff did not ask for damages for loss of time from her work.  We do not think that this evidence was on any material question involved in the case. No request was made for damages by reason of the loss of time, nor was the jury instructed to return a verdict for damages for loss of time, the record showing that it was admitted solely for the purpose of fixing the time of the injury, the duration of the illness, and the extent of the suffering.

It is next contended that the court erred in admitting the evidence on behalf of the plaintiff with reference to a fistula.  Mrs. Wollard testified as follows:

"Q.  Mrs. Wollard, are you troubled with a fistula? A.  Yes, sir.  Q.  When did you first have trouble with a fistula?  A.  That has hurt me ever since.  Q.  When did you first have trouble with the fistula?  A.  Well, I have been troubled with it ever since I was hurt; ever since the fall.  Q.  When, Mrs. Wollard, if at all, did you first commence to matter?  A.   Well, it was several weeks after—I can't tell how long.  Q.  Was you ever troubled with it before you were injured?  A. No, sir; I was not."

It is insisted here that the action of the court was erroneous, for the reason that there was no competent

evidence that the fistula was caused by the fall complained of in this action. There was evidence, however, that this plaintiff fell from the car, and that she had a bruise on the buttock about half the size of the hand. The plaintiff also testified that before the injury she was in good health, did her own work, and had six boarders, and that the pain from the fistula commenced after the injury. Dr. Rice testified that he had made an examination at Mrs. Willard's request; that she had a discharge from a fistula; that a fistula is caused, among other things, by a fracture or disease of the lower end of the spinal column, bruises, syphillis, or tuberculosis, and that a bruise is one of the things that could cause a fistula; that she complained of pain at this point, and some weeks after he had dismissed the patient she began to have the discharge; that he made an examination at the time of the injury, and that she had no fistula at that time; and again he testified, "I saw the fistula exactly one year after the date of the injury." Plaintiff further testified that she had received no injuries except those she received in falling from the street car. After the admission of this evidence, the pleadings were amended in order to conform to the proof. We can see no merit in the contention that the admission of this evidence was incompetent. While it is insisted that the plaintiff was not qualified to testify as to whether or not the fistula was caused by the fall, as that could only be supplied by a physician, yet there was evidence, as we have heretofore quoted, of a physician, which, coupled with the evidence of the plaintiff, established sufficient facts from which a jury was authorized to draw the inference that the fistula was caused by the fall, and the cases of *Atchison, T. & S. F. Ry. Co. v. Melson*, 40 Okla. 1, 134 Pac. 388, Ann. Cas.

1915D, 760, and *St. L. & S. F. R. Co. v. Criner*, 41 Okla. 256, 137 Pac. 705, which are relied on by the plaintiff in error, are not in point. But the case of *Chicago, R. I. & G. Ry. Co. v. Bentley*, 43 Okla. 469, 143 Pac. 179, is directly in point, and in consonance with the holding herein.

It is further contended that Instruction No. 1 was erroneous, for the reason that there was no evidence that plaintiff's injury was approximately caused by the rule of the company in allowing the conductor to signal the motorman without being upon the car, and hence there was a total failure of proof of the allegations that plaintiff's injury was due to the negligence of the defendant in establishing the rule. The evidence shows that this plaintiff approached the car from the west; that the door was open; that she took hold of the handhold and had placed her foot upon the step when the conductor, who was on the east side of the car and not in view of the steps upon which the plaintiff was standing, and through the previous instructions of the superintendent, signaled the car to start, and the motorman, obeying that signal, started the car, which motion of the car threw the plaintiff to the street, causing the injury. We think the defendant company was negligent in issuing this order, and that the act of the employees in following the order was negligence, and such negligence was the proximate cause of the injury to the plaintiff. Had the conductor waited until he had reached his proper position on the car before giving the signal, he would have known that the plaintiff was in imminent danger.

It is next urged that the court erred in instructing the jury:

"It is the duty of a street railway company to use the highest degree of care and caution reasonably consistent with the practical operation of its road in securing the safety of its passengers while boarding one of its cars; but, on the other hand, it is the duty of a passenger undertaking to board one of the cars of such railway company for the purpose of being transported thereon from one place to another to use that ordinary degree of care and caution for her own safety which an ordinarily careful and prudent person would exercise under similar circumstances."

It is admitted that this instruction is correct as stating an abstract rule of law, but it is insisted that it is incorrect because the word "passenger," as used in the instructions, was not defined by the court. No request was made by the defendant to have the word "passenger" defined. This court has held in the case of *Moore v. O'Dell*, 27 Okla. 194, 111 Pac. 308, that where plaintiff did not request an instruction as to what would constitute "notice," he cannot complain of the omission on writ of error. And again, in the case of *Curtis & Gartside Co. v. Pribyl*, 38 Okla. 511, 134 Pac. 71, 49 L. R. A. (N. S.) 471, this court held that the defendant in an action for damages for personal injuries could not complain on appeal that the court should have more specifically defined "proximate cause" where no request was made for such instruction. And in the case of *St. Louis & S. F. R. Co. v. Crowell*, 33 Okla. 773, 127 Pac. 1063, this court held that where the instruction is correct so far as it goes, and it is urged by a party that under his theory of the case additional instructions should have been given, a reversal will not be had unless a supplemental instruction was requested by such party embodying such theory. In the absence of a request to define the word "passenger," it is not error to fail to define such word.

There are in all 21 assignments of error pertaining to the instructions of the court, the admission of evidence, and the pleadings. After an examination of the entire record, it is the opinion of this court that the errors complained of have not resulted in a miscarriage of justice, nor do they constitute a substantial violation of a constitutional or statutory right of the defendant. *Smith v. Star Merc. Co., post,* p. —, 153 Pac. 1188.

The cause should therefore be affirmed.

By the Court: It is so ordered.