**FRANKLIN v. JACKSON et al.**

No. 9667—Opinion Filed March 2, 1920.

On Rehearing, March 30, 1920.

(Syllabus by the Court.)

1. **Appeal and Error—Harmless Error—Statute.**

Section 6005, Rev. Laws 1910, provides that: "No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right."

2. **Same—Failure to Attack Judgment on Merits.**

As the grounds for reversal relied upon are errors in the matter of pleading and procedure, and the judgment appealed from is not assailed on its merits, we are unable to say that the errors complained of have probably resulted in a miscarriage of justice.

3. **Judgment—Petition to Vacate—Verification and Summons—Waiver.**

Parties will be deemed to have waived verification of petition and issuance of summons, as required by section 5269, Rev. Laws 1910, where appearance is entered after judgment rendered at prior term is

vacated and the cause proceeds to trial on the merits.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by Audry Franklin against Cullen Jackson and others. Judgment for plaintiff by default vacated upon motion of defendant James M. Hoffman. Judgment later for defendant Hoffman, and plaintiff brings error. Affirmed.

Sigler & Howard and P. M. Jackson, for plaintiff in error.

Mathers & Hodge, for defendants in error.

KANE, J. This was an action for the recovery of certain real estate, commenced by the plaintiff in error, plaintiff below, against the defendants in error, defendants below. After the time to answer had expired, there being no appearance by any of the defendants, judgment by default was rendered in favor of the plaintiff, as prayed for. Thereafter, at the next term of the court, one of the defendants, James M. Hoffman, filed a motion to set aside this judgment by default upon the ground of unavoidable casualty and misfortune preventing him from defending. This motion was accompanied by an answer which the defendant Hoffman asked leave to file. Thereafter the trial court sustained this motion, vacated the judgment by default, and allowed the defendant Hoffman to file his answer. Thereafter, upon trial to the court, there was judgment for the defendant Hoffman, to reverse which this proceeding in error was commenced.

From the brief filed by counsel for plaintiff in error—there is no brief on behalf of defendant in error—we gather that the only grounds for reversal relied upon relate to the action of the trial court in setting aside the judgment by default formerly rendered in favor of the plaintiff. The judgment rendered in favor of the defendant Hoffman is not assailed upon the merits.

The principal grounds of complaint against the motion to vacate the judgment by default are:

(1) "The motion was not sworn to and no oath or affidavit was attached to it."

(2) The motion does not state facts sufficient to justify the trial court in setting aside the judgment by default.

While the authorities cited by counsel probably sustain their contention that the action of the trial court was erroneous, none of them seem to be authority sustaining the reversal of the judgment upon the merits rendered in favor of the defendant Hoffman. This judgment, as we have seen, is not at-

tacked upon its merits, and it is therefore presumed to be correct. In these circumstances, although the court may have committed error in the particulars pointed out, it does not seem to us that we would be justified in reversing the judgment upon the merits rendered by the trial court, upon these grounds.

As the trial court had jurisdiction to set aside the judgment by default upon the ground of unavoidable casualty, the errors in the matter of pleading and procedure now complained of were mere irregularities which did not render void the subsequent action of the court. As the case now stands, the question is not so much did the court commit error in the particulars pointed out as did the errors complained of probably result in a miscarriage of justice? It seems to us that no matter how lacking in form or substance the motion to vacate the judgment by default may have been, the subsequent decision in favor of Hoffman upon an impartial trial fully vindicates the action of the trial court thereon.

Section 6005, Rev. Laws 1910, provides that:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

As the grounds for reversal relied upon are errors in the matter of pleading and procedure, and the judgment appealed from is not assailed on its merits, we are unable to say that the errors complained of have probably resulted in a miscarriage of justice. On the contrary, the presumption is that they have not so resulted.

For the reasons stated, the judgment of the court below is affirmed.

OWEN, C. J., RAINEY, V. C. J., and PITCHFORD, JOHNSON, McNEILL, HIGGINS, and BAILEY, JJ., concur.

### On Rehearing.

OWEN, C. J. On petition for rehearing it is urged that the holding here is in conflict with Merrell v. Merrell, 67 Oklahoma, 170 Pac. 1155, and similar cases holding there must be a substantial compliance with section 5269, Rev. Laws 1910, requiring verified petition and issuance of summons to vacate judgment after the expiration of the term at which it was rendered. The facts appearing of record in the instant case distinguish it. Had plaintiff appealed from the action of the court in vacating the judgment rendered at the preceding term, the petition not being verified and no summons having issued, the cases cited would be in point and controlling. But plaintiff did not appeal from that action of the court. On the contrary, the case proceeded regularly to trial before a jury on its merits, and judgment was rendered in favor of defendants. The court having jurisdiction of the subject-matter, lack of verification and issuance of summons could be waived. First State Bank v. Carr, 72 Oklahoma, 180 Pac. 856; Continental Gin Co. v. Arnold, 66 Oklahoma, 167 Pac. 613. Plaintiff took his chances on winning the case on its merits, and the appeal is prosecuted from that judgment.

Petition for rehearing will be denied.

All the Justices concur, except HARRISON and HIGGINS, JJ., not participating