**BUSH et al. v. MISSOURI STATE LIFE INS. CO. et al.**

No. 10704—Opinion Filed May 23, 1922.

(Syllabus.)

**1. Parties—Real Party in Interest.**

Where a contract is entered into with one as trustee for the benefit of another, who is the real party in interest, the latter may sue thereon in his own name without joining the trustee.

**2. Parties—Necessary Parties—Defendants.**

Any person who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination of settlement of the questions involved, may be made a party defendant. Haynes v. City National Bank of Lawton, 30 Okla. 614, 121 Pac. 182.

**3. Pleading—Demurrer.**

Where a pleading states any facts upon which the pleader is entitled to any relief under the law, a general demurrer should not be sustained thereto.

**4. Insurance—Action on Life Policy—Sufficiency of Petition.**

Record examined, and held, that the petition of the plaintiffs states a cause of action, and that the trial court committed reversible error in sustaining the general demurrer of the defendant to the plaintiffs' petition.

Error from District Court, Oklahoma County; George W. Clark, Judge.

Action by Victoria Bush and another against the Missouri State Life Insurance Company and another to recover upon a life insurance policy. Judgment entered sustaining demurrer to plaintiffs' petition, and they bring error. Reversed and remanded, with directions.

W. A. Smith, for plaintiffs in error.

Keaton, Wells & Johnston and Jourdan, Rassieur & Pierce, for defendant in error Missouri State Life Insurance Company.

Embry, Johnson & Kidd, for defendant in error Aetna Building Association.

KENNAMER, J. Victoria Bush and Frank A. Bush, a minor, by Victoria Bush, next friend, plaintiffs in error, prosecute this appeal to reverse a judgment of the district court of Oklahoma county sustaining a general demurrer filed by the Missouri State Life Insurance Company, one of the defendants in error, to the plaintiffs' petition and a judgment of the court sustaining a motion of the Aetna Building Association of Las Vegas, New Mexico, defendant in error, quashing the service of summons made upon said defendant in error. The parties appear here the same as they appeared in the trial court and will be referred to as plaintiffs and defendants.

The action was commenced by the plaintiffs to recover the sum of $1,000 alleged to be due them on a life insurance policy issued by the Missouri State Life Insurance Company on the 18th day of May, 1914, insuring the life of Lewis A. Bush. The material allegations of the plaintiffs' petition necessary to be considered in determining this cause are as follows: That the defendant Missouri State Life Insurance Company made its contract of insurance in writing insuring the life of Lewis A. Bush in the sum of $1,000 according to the terms of a contract attached and made a part of the plaintiffs' petition. That prior to the execution of the life insurance contract, about the 18th day of May, 1904, Victoria Bush and Lewis A. Bush, her deceased husband, negotiated a loan of $800 on some real estate in Oklahoma City with the Aetna Build-

ing Association of Las Vegas, New Mexico. That as a part of said loan contract the Aetna Building Association required the plaintiff and her husband, Lewis A. Bush, to procure and carry a life insurance policy in the sum of $1,000 on the life of Lewis A. Bush; the premiums on said life insurance policy to be paid by the plaintiff and her husband in monthly payments required to liquidate said loan. That such a policy was issued by the Hartford Life Insurance Company of Hartford, Conn., said policy being a ten-year renewable term. That some time prior to the expiration of the first term of said insurance so issued, the same was taken over and assumed by the defendant, the Missouri State Life Insurance Company, and that on the 18th day of May, 1914, the policy sued on herein was issued by said defendant. That said policies as written were payable on the death of Lewis A. Bush to the Aetna Building Association, trustee, or its successors or assigns.

That the plaintiffs have not the possession of said policies, the originals being in the possession and control of one or both of the defendants. That the loan contract between the plaintiff Victoria Bush and Lewis A. Bush, her deceased husband, and the Aetna Building Association was an ordinary loan contract consisting of a note in the sum of $800 secured by a real estate mortgage on certain property in Oklahoma City, to be paid off by monthly payments at the rate of $20 per month. The loan contract was entered into in Oklahoma City and the life insurance was applied for in said city.

That a verbal agreement and understanding was entered into with reference to the life insurance, in which it was agreed that out of the monthly payments made to the Aetna Building Association, the premiums on the life insurance policy were to be paid by the Aetna Building Association, named as trustee in the life insurance policy. That the Aetna Building Association was named as trustee in the policy as beneficiaries for the wife and son of the insured, plaintiffs in this action, and that when any valid indebtedness due the Aetna Building Association had been paid, any balance due on the insurance policy, in case of death of insured, would be payable to the plaintiffs, and that this agreement was assented to by the life insurance company.

That on October 13, 1915, a full settlement was made with the defendant Aetna Building Association, and the loan and indebtedness fully paid and settled, but that the said loan company continued to pay the premiums due upon the life insurance policy, including December, 1917. That Lewis A. Bush, the insured, on the 26th day of December, 1917, died and due proof satisfactory to the Missouri State Life Insurance Company of his death had been made, and that said defendant life insurance company had signified its willingness to pay the amount due on the policy to the person or persons entitled thereto. That the Aetna Building Association, trustee, was claiming the whole proceeds of said policy and refusing to account to the plaintiffs for the same. That the Aetna Building Association had paid premiums since the settlement of the loan due it by the plaintiff Victoria Bush and her deceased husband in the sum of $41.86, which amount the plaintiffs tendered to the defendant Aetna Building Association.

The plaintiffs prayed the judgment of the court decreeing that the Aetna Building Association had no interest in or to the proceeds of said property other than the amount of premiums paid, in the amount of $41.46, and that said association be decreed trustee for the plaintiffs only, and for judgment against the Missouri State Life Insurance Company for the amount due on the policy with six per cent. interest.

On the filing of the petition the plaintiffs secured a restraining order from the court, directed to the Missouri State Life Insurance Company restraining said insurance company from paying the proceeds of the policy to the Aetna Building Association. Constructive service of summons was made on the defendant Aetna Building Association.

A general demurrer filed by the defendant Missouri State Life Insurance Company to the petition of the plaintiffs was sustained by the trial court. The first question for our consideration is whether or not the trial court erred in sustaining the demurrer.

Counsel for the defendant life insurance company contend that under the allegations of the petition the Aetna Building Association was the holder of the legal title of the cause of action and was the party for whose benefit the contract of insurance was taken out and owned the chief beneficial interest in the insurance at the time of the execution of the policy. It may be conceded that on the date of the execution of the policy the building association had the chief beneficial interest in the contract of insurance, for the obvious reason the loan which the plaintiff Victoria Bush and her husband, Lewis A. Bush, had procured from said building association had not been paid.

but under the allegations of the petition, which are admitted to be true by the demurrer, the beneficial interest of said building association on the date of the death of Lewis A. Bush, the insured, had been extinguished by the payment of the loan.

The policy of insurance shows upon its face that the Aetna Building Association, named as beneficiary in the policy, was the beneficiary in a representative capacity as trustee, but it does not disclose by its terms as to whom the beneficiary was trustee for, and to that extent the policy is ambiguous and the term "Aetna Building Association, trustee," was subject to explanation by oral testimony. The allegations of the petition are that the Aetna Building Association was beneficiary trustee for the plaintiffs in this action, and that the conditions of the trust had been fully performed; that under the agreement, which was assented to by the life insurance company, the trust for which the beneficiary was named in the policy, to wit, the liquidation of the loan, had been fully performed. It is obvious under these allegations, admitted to be true by the demurrer, that the plaintiffs in this action are entitled to the proceeds of the policy, and that the petition stated a cause of action. It is clear that if the allegations of the petition are true, the plaintiffs are the real owners of the proceeds of the policy and entitled to the same. We fail to perceive of any valid reason why, if the allegations of the petition are true, the plaintiffs were not entitled to maintain this action against the defendant Missouri State Life Insurance Company.

It is apparent, under the allegations of the plaintiffs' petition, that in case of death of the insured the Aetna Building Association, named as beneficiary in the policy, was only entitled to receive the proceeds of the policy for the purpose of discharging the indebtedness owed by the insured to the beneficiary named in the policy. Without the existence of this indebtedness the beneficiary, under the allegations of the petition, is not entitled to receive the proceeds of the policy. In this situation, it is clear that the defendant Missouri State Life Insurance Company, by answer, may present an issue as to whether the plaintiffs are entitled to the proceeds of the policy or pay the proceeds of the policy into court and move the court to have the defendant Aetna Building Association made a party defendant and summoned to show what interest, if any, it has in the proceeds of the policy.

. Under the allegations of the petition the plaintiffs in the action are the real parties in interest. In this jurisdiction any person who has, or claims, an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved, may be made a party defendant. Haynes v. City Nat. Bank of Lawton, 30 Okla. 614, 121 Pac. 182; Edmondston et al. v. Porter, 65 Okla. 18, 162 Pac. 692.

Under section 4722, Revised Laws 1910, "in actions which relate to, or the subject of which is, real or personal property in this state" a nonresident defendant claiming an interest in such property may be summoned by publication. It is quite clear, under this section of the statute, on the payment of the proceeds of the policy claimed by a resident and a nonresident beneficiary into court, the court would have jurisdiction of the res, and that summons by publication could be made upon any nonresident defendant claiming an interest in the property. Then the judgment of the court in the action would be conclusive upon the nonresident defendant asserting an interest in the property.

Counsel for the defendant life insurance company contend for the rule that the trustee of an express trust is the real party in interest and entitled to maintain the action, the trustee being the holder of the legal title of the cause of action; citing in support of this rule 30 Cyc. p. 92; Weed v. Hamburg-Bremen Fire Insurance Company (N. Y.) 31 N. E. 231; Minnesota Thresher Manuf'g Co. v. Heipler (Minn.) 52 N. W. 33. We have no fault to find with the rule announced in these authorities, but we fail to recognize any applicability of the rule to the facts pleaded in the petition of the plaintiffs in the instant case. Assuming the allegations of the petition filed by the plaintiffs in the case at bar to be true, the very purpose for which the trust was created had been fulfilled, and under the allegations of the petition the Life Insurance Company was under a contractual obligation to recognize the plaintiffs as the real beneficiaries of the policy of insurance.

Many authorities support the rule that it does not matter because the trustee may maintain the action; that the beneficiaries of the trust may also maintain the action. Rice v. Savery, 22 Iowa, 470; Choteau v. Boughton (Mo.) 13 S. W. 877.

The rule as to the right of a trustee or the beneficiary of a trust to maintain an action is stated in 30 Cyc. p. 86, as follows:

"The trustee of an express trust or the person with whom or in whose name a con-

tract is made for the benefit of another may sue in his own name alone, or he may sue with the beneficiary as a party; or the beneficiary may sue in his own name as real party in interest."

Under sections 3421 and 3422 of the Revised Laws 1910, it is the mandatory duty of a foreign insurance company to file with the Insurance Commissioner of this state a certified copy of its charter, statement of its financial condition, and deposit with the commissioner at least $100,000 worth of securities in order to be permitted to do business in this state; also to constitute and appoint the Insurance Commissioner its lawful attorney, upon whom all lawful process in any action or legal proceeding against it may be served. The primary purpose of these statutes was to insure the citizens of this state doing business with foreign insurance companies of their financial responsibility to discharge their legal obligations and to bring such companies within the jurisdiction of the courts of this state for the purpose of enforcing any just claim against such companies.

Our conclusion in this case is that the petition of the plaintiffs stated a cause of action. That under the allegations of the petition the plaintiffs are entitled to enforce the obligation of the defendant life insurance company to recognize them as the rightful beneficiaries to the proceeds of the policy on which the action is based. Therefore, the trial court committed reversible error in sustaining the general demurrer of the defendant insurance company to the petition of plaintiffs. The plaintiffs having failed to appeal from the order of the trial court quashing the motion of the Aetna Building Association to quash the service of summons within six months from the date the order was entered, this court is without jurisdiction to review the action of the court in sustaining said motion. However, in view of the conclusion reached in this cause, it is not material at this time. If either party desires that the defendant Aetna Building Association be made a party defendant in the further prosecution of this action, service of process may be made as heretofore suggested.

The judgment of the trial court sustaining the demurrer of the defendant insurance company is reversed, and the cause is remanded to the district court of Oklahoma county, with directions to overrule the demurrer and order said defendant to answer the petition of the plaintiffs and proceed with the cause in accordance with the views herein expressed.

HARRISON, C. J., and KANE, JOHNSON, and MILLER, JJ., concur.