## HOFFMAN v. DESKINS.

No. 12328—Opinion Filed Nov. 13, 1923.

Rehearing Denied Dec. 11, 1923.

**1. Trial—Issues for Court or Jury—Statute.**

"Issues of law must be tried by the court, unless referred. Issues of fact arising in actions for the recovery of money, or of specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or a reference be ordered, as hereinafter provided."

**2. Pleading—Sufficiency on General Demurrer.**

Where a petition is challenged by general demurrer, the same will be liberally construed in favor of the pleader, and if any facts are stated which entitle the pleader to any relief, the demurrer will be overruled.

**3. Judgment—Vacation After Term—"Unavoidable Casualty."**

Subdivision 7 of section 5267, Rev. Laws 1910, authorizes the district courts of this state to vacate a judgment subsequent to the term at which it was rendered "for unavoidable casualty or misfortune, preventing the party from prosecuting or defending."

**4. Same—Relief from Default.**

It is the policy of the law to afford every party to an action a fair opportunity to present his side of a cause, and while it is true the courts must require diligence on the part of litigants in being present when cases in which they are interested are being proceeded with, nevertheless, if the court or an officer of the court by their conduct has misled parties as to the time cases will be tried, the absence of such parties will be excused.

**5. Same.**

Record examined, and held, the petition to vacate the judgment states facts sufficient to entitle the defendant to relief.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Carter County; Thomas W. Champion, Judge.

Acton by H. H. Deskins, against James M. Hoffman. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Brett & Brett, for plaintiff in error.

Sigler & Jackson, for defendant in error.

Opinion by THOMPSON, C. On the 26th day of April, 1920, H. H. Deskins, instituted an action in the district court of Carter county, Okla., against James Hoffman to recover 40 acres of land located in said Carter county. On the 10th day of June, thereafter, James Hoffman filed a demurrer to the petition of Deskins and on June 16th following, in the absence of Hoffman's attorney and without any notice or knowledge on the part of said attorney, the demurrer was taken up, heard by the court, overruled, and Hoffman given 20 days to answer.

On the 17th day of July, 1920, the court entered a default judgment in favor of Deskins for the recovery of said land. On August 16, 1920, subsequent to the adjournment of the term of court at which said default judgment was rendered, Hoffman filed in said action his petition to vacate the judgment. Notice of the filing of said petition was served on the attorneys of record for Deskins, who thereafter, to wit, the 30th day of August, 1920, filed in said cause a demurrer to said petition and motion to strike the same from the files.

On the 4th day of December, 1920, the court entered a judgment sustaining said demurrer and motion to strike and denying Hoffman's petition to vacate, to which action of the court Hoffman excepted and brings the cause regularly on appeal to this court.

The parties will be hereinafter referred to as they appeared in the court below.

The plaintiff bases his claim of title to said land upon a default judgment entered by the district court of Carter county, Okla., in July, 1917, which purported to establish the title to said land in Audry Franklin, a minor, and who had thereafter, pursuant to proper orders of the county court, conveyed the land to plaintiff.

He further alleged in his petition that at the time he took title to said land, he relied upon the validity of said default judgment and was an innocent purchaser for a valuable consideration of said land.

The petition to vacate filed by the defendant, is as follows:

"Comes now the defendant in the above entitled cause and shows to the court the following facts:

"(1) That on the 17th day of July, 1920, the said plaintiff H. H. Deskins, obtained a judgment against said defendant in this action, adjudging the plaintiff to be the

owner and entitled to the immediate possession of the S. E. ¼ of the N. W. ¼ of section 29, township 1 south, range 2 west, Carter county, Oklahoma, and decreeing that the said H. H. Deskins have and recover of and from the defendant James M. Hoffman said real estate, and that he the said Deskins is entitled to the immediate possession of said real estate, and enjoining the defendant James M. Hoffman from claiming any right, title or interest therein, and costs of this action; a copy of said judgment is hereto attached marked Exhibit A and made a part of this petition.

"(2) That in due time after the filing of the petition of the plaintiff, the defendant filed a demurrer to the petition of plaintiff, which the defendant believed and still believes to be good, for the reason that the petition does not state a cause of action, but on its face shows that the plaintiff is not entitled to the relief prayed for; that it appears that the demurrer was overruled on the 16th day of June, 1920, and the defendant given 20 days within which to answer; the attorney for the defendant did not know of this ruling, but was ready to answer at any time, and had he known of said demurrer being overruled would have answered immediately. It further appears that on the 17th day of July the plaintiff took a default judgment in chambers, the defendant or his attorney, knowing nothing of this action, till the 14th day of August, 1920.

"(3) The defendant further states that the petition of the plaintiff, shows on its face that the plaintiff has no title to the premises sued for, and does not sustain or support the default judgment rendered thereon, and the facts in the case were not as the defendant verily believes, presented to the court, the court was not informed as to the facts in the case, and was imposed upon by the plaintiff and misled in rendering said default judgment, and would not have rendered said judgment had the facts been presented to the court. That even in the absence of the defendant the court would have denied the plaintiff the relief prayed for had the facts been presented to the court, and the court been advised as to the facts in the case.

"(4) Said defendant further states that he has a good and valid defense to the petition of the plaintiff herein as more fully set out in his answer hereto attached, marked 'Exhibit B', and made a part of this petition."

The answer of defendant, attached to his petition to vacate, avers that the default judgment relied on by the plaintiff in support of his claim of title had been entered against him, setting aside a deed he had obtained from a former guardian of Audry Franklin, and had been regularly vacated and set aside by the district court of Carter county, a

trial had upon the merits, resulting in a judgment for the defendant, and that this judgment had afterwards been affirmed on appeal by the Supreme Court on March 30, 1920 (see 78 Okla. 15, 188 Pac. 325), and that therefore the entire record imparted full notice of defendant's ownership of said land and the final judgment was binding on the plaintiff and operated as an estoppel, and that counsel for plaintiff in this case was counsel in the above case and attempted to set aside defendant's deed.

The following errors are assigned:

"(1) The court erred in entering the order herein sustaining the plaintiff's demurrer and motion to strike the petition of the defendant to vacate the default judgment rendered in said action.

"(2) The court erred in overruling the defendant's demurrer to the petition of the plaintiff.

"(3) The court erred in holding that the petition upon which the default judgment herein is rendered, stated a cause of action and is sufficient to support the default judgment entered herein.

"(4) The court erred in holding that said default judgment is not void for the reason that the petition upon which it is based does not state a cause of action.

"(5) The court erred in not taking into consideration all the matters pleaded in the petition to vacate said judgment.

"(6) The action of the court in sustaining the demurrer and motion to strike the petition of defendant to vacate said default judgment and denying said petition is contrary to the law.

"(7) The action of the court in sustaining the demurrer and motion to strike the petition of the defendant to vacate said default judgment and denying said petition in all things is contrary to all things pleaded."

It is earnestly insisted by counsel for defendant in his brief that the original petition filed by the plaintiff did not contain allegations sufficient to constitute a cause of action and that his demurrer thereto should have been sustained. In this contention we think defendant is fully sustained by the authorities and, if this contention were being urged in this court upon a direct appeal from the judgment rendered on July 17, 1920, would have to be sustained.

A general demurrer was filed to the petition to vacate the judgment and to strike petition from the files for the reason that the same did not state any grounds or reason for the court to grant the relief prayed for.

All authorities agree that where a pleading states any fact upon which the pleader is entitled to any relief, under the law, a general demurrer should be overruled, and it is the duty of the court, in considering the general demurrer, to apply the law to the facts, stated in the petition, and if upon applying the law to the facts so pleaded the petition states a cause of action, then it is reversible error for the court to sustain a general demurrer. A demurrer admits the truth of all facts well pleaded and the petition must be liberally construed and all its allegations taken as true for the purposes of the demurrer. Where a pleading states facts, upon which the pleader is entitled to any relief under the law, a general demurrer to the same should be overruled. Schreiner v. City National Bank, 76 Okla. 76. 183 Pac. 905; Nale v. Hernstein et al., 84 Okla. 35, 202 Pac. 284; Bush v. Mo. St. Life Ins. Co., 86 Okla. 182, 207 Pac. 317; Threadgill v. Bd. of Ed., 85 Okla. 121, 204 Pac. 1100; Robt. Folsom et al. v. Mid-Continent Life Ins. Co. et al., 94 Okla. —, 221 Pac. 486.

The petition in this case alleges that the judgment in this case was taken by default "in chambers," without the knowledge of the defendant or his attorneys, and that the facts were not presented to the court and the court was imposed upon by the plaintiff and misled into rendering the default judgment and the judgment would not have been rendered had the facts been presented to the court. Those averments are admitted as true for the purposes of the demurrer. The words, "in chambers," have a definite and certain meaning in law, and the judge "in chambers" had no power. authority, or jurisdiction to render a judgment in an ejectment case. It will be observed that this case is a straight ejectment case and the law of this state is as follows:

"Issues of law must be tried by the court, unless referred. Issues of fact arising in actions for the recovery of money, or of specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or a reference be ordered, as hereinafter provided."

Upon examination of the judgment in this case, it does not appear in the journal entry that a jury was waived, and this fact, in our opinion, should appear affirmatively Nor does the judgment recite that the judgment was rendered after evidence had been presented, then, it is our opinion that this judgment was void and of no effect, having been rendered in chambers, without waiving a jury and without the taking of testimony. If this be true, the defendant and his attorneys had no opportunity to know what took place behind the closed doors of the judge's chambers and are not required to know, in a case of this character.

The defendant shows by his answer, filed in this case, that the attorney for plaintiff knew that the title was in the defendant, having been counsel in the case in which said title was acquired, and the district court of Carter county had confirmed the title to the lands in controversy in the defendant, and upon appeal this court had affirmed the judgment of the lower court, and this judgment was and is a complete defense to the plaintiff's right to recover in this case, and, in our judgment, the act of the lower court in rendering this judgment in chambers, without evidence and without the waiver of a jury, deprived the defendant, the rightful owner, of the title to a piece of land that had been confirmed in him by the judgment of the highest court in this state.

The attorney for plaintiff complains that this petition to vacate the judgment was filed after the term adjourned.

In the case of Carter v. Grimmett, 89 Okla. 37, 213 Pac. 732, which case is very similar to the instant case, where a demurrer was overruled on the 21st day of June, 1917, in the absence of the defendant and his counsel, the defendant having been given five days to answer and cause set for trial on the 6th day of July, 1917, upon which date judgment by default was rendered against the defendant in open court and title to the land quieted in the plaintiff and on the 29th day of May, 1918, over ten months thereafter, the defendant filed in the case a petition to vacate the judgment, plaintiff having filed a general demurrer to this petition to vacate which was by the court sustained, on the 5th day of May, 1919, and on appeal this court held:

"Where a petition is challenged by general demurrer the same will be liberally construed in favor of the pleader, and if any facts are stated which entitle the pleader to any relief the demurrer will be overruled.

"Subdivision 7 of section 5267, Rev. Laws 1910, authorizes the district courts of the state to vacate a judgment subsequent to the term at which it was rendered 'for unavoidable casualty or misfortune preventing the party from prosecuting or defending.'

"It is the policy of the law to afford every party to an action a fair opportunity to present his side of a cause, and, while it is true the courts must require diligence on the part of litigants in being present when cases in which they are interested are being proceeded with, nevertheless, if the court or an officer of the court by their

conduct have misled parties as to the time cases will be tried, the absence of such parties will be excused."

The petition in that case was verified and is also verified. in this case and tendered an answer, which was also done in this case, and the answer in that case set up that the lands involved in the action were bought by defendant at a sale made by the legal guardian of the plaintiff under proper orders of the probate court and in this case the defendant in his answer sets up that he acquired the land in controversy here by purchase at guardian's sale, under proper orders of the probate court, and that said title was upheld by á judgment in the district court, which judgment was affirmed by this court.

It being the policy of the law to afford every party to an action a fair opportunity to present his side of the case and, if the court or an official of the court, by their conduct mislead parties as to the time or place cases will be acted upon, the absence of such parties will be excused. Anderson v. Graham, 87 Okla. 278, 210 Pac. 281.

The order of the court sustaining the demurrer to the petition is reversed and the cause remanded to the district court of Carter county with directions to overrule the demurrer and to proceed to hear the petition on the merits.

By the Court: It is so ordered.