## NERO et al. v. NERO.

No. 9983—Opinion Filed Feb. 1, 1921.

(Syllabus by the Court.)

1. **Indians—Descent and Distribution—Heirs at Law of Illegitimate Child—Indian Allotment.**

A Choctaw Indian minor received her allotment, and when about 16 years of age gave birth to an illegitimate child, and shortly thereafter died, unmarried, leaving no other issue. By virtue of section 8420, Revised Laws 1910, the estate descended to the illegitimate child.

(a) An illegitimate child died in infancy seised and possessed of an allotment inherited from her mother, leaving no brothers nor sisters, her mother being dead. By virtue of section 8421, Revised Laws 1910, her grandfather and grandmother on her mother's side, both living, would inherit the property equally.

(b) Subdivision 3, section 8418, Revised Laws 1910, has no application to the facts in the case at bar.

2. **Appeal and Error—Prejudicial Error—Instructions.**

Where a court undertakes to instruct the jury as to the law, and does so incorrectly, the same constitutes prejudicial error.

3. **Husband and Wife—Occupancy of Wife's Lands—Liability of Husband for Rents.**

The instructions examined, and held not a correct statement of the law applicable to the facts in the case at bar.

Error from District Court, Haskell County; W. H. Brown, Judge.

Action by Jane Nero against Joe Nero and others, as tenants, employees, etc., of Joe Nero, for recovery of land and for rents. Judgment for plaintiff, and defendant named brings error. Affirmed in part and reversed in part.

Brook & Brook and C. H. Tully, for plaintiffs in error.

E. O. Clark and Guy A. Curry, for defendant in error.

McNEILL, J. This action was commenced in the district court of Haskell county by Jane Nero against Joe Nero and others to be decreed to be the owner of certain lands and for an accounting for rents of the lands occupied by Joe Nero for 13 years. Jane Nero was a member of the Choctaw Tribe of Indians and was allotted 160 acres of land. Prior to the time of receiving said allotment she was married to Joe Nero, and of said marriage there were born five children, one of whom was Delia Nero, who was allotted 160 acres of land. In May, 1913, Delia Nero, being about 16 years of age, gave birth to an illegitimate child, and on June 7, 1913, said Delia Nero died, leaving said illegitimate child, Rosa, as her only heir. Thereafter, on October 7, 1913, the said Rosa Nero died. Plaintiff asks to be decreed to be the owner of her own allotment and one-half interest in the Delia Nero allotment.

The defendant Joe Nero answered, asserting title to the whole of the Delia Nero

allotment, but claimed no title to the Jane Nero allotment. He first denied that he was liable for any rents whatever, and as a further defense he alleged that as the husband of Jane Nero he selected the allotment for her after she had deserted him and the five minor children, and at the same time of selecting the allotment the same was unimproved land, and he cleared the same and placed it in cultivation and placed lasting improvements thereon, and had used the place in support of himself and minor children that had been deserted by his wife, and that the improvements placed upon the land amounted to more than rents, and denied liability regarding the rents. The facts regarding the allotment of Delia Nero were not denied. It was stipulated that in May, 1913, when about 16 years of age, she gave birth to an illegitimate child, and on June 7, 1913, died, leaving said illegitimate child as her only issue, and on the 7th day of October, 1913, the illegitimate child died.

The only evidence introduced on behalf of plaintiff was to prove the cash rental value per acre per year of the Jane Nero allotment from 1905 until the time of the trial and the cash rental value of the Delia Nero allotment per acre per year from the time of her death until the date of the trial.

The defendant demurred to the evidence offered by the plaintiff, which demurrer was overruled by the court and exceptions saved by the defendant. The defendant then offered evidence to substantiate the claim that the plaintiff in 1903 had deserted him and their five children without any cause and remained away from their home, and that he had no knowledge of where the plaintiff was during any of said time. Most of this evidence was objected to and objections sustained. The defendant then introduced evidence as to the value of the improvements placed upon the allotment and the cash rental value of the land. At the close of the testimony the court instructed the jury, first, that the plaintiff was the owner of her own allotment and the owner of an undivided one-half interest in the allotment of Delia Nero; that the allotment of Delia Nero at her death descended to her child, Rosa Nero, and Rosa Nero being an illegitimate child, at her death the land was inherited equally between the plaintiff and defendant.

The court then instructed the jury that the only question for their determination was the measure of damages, or the amount plaintiff was entitled to recover, which was the reasonable cash rental value of the land from the time the same was unlawfully held by Joe Nero to the time of trial, less the value of the improvements placed upon the land by Joe Nero. The defendant saved an exception to the instruction given by the court.

The cause was submitted to the jury upon these two instructions, and the jury returned a verdict in favor of Jane Nero and against Joe Nero for $1,400, and from said judgment the defendant Joe Nero has appealed.

The first question urged upon appeal is that the court erred in holding, under the facts in this case, that the allotment of Delia Nero was owned equally by the plaintiff and defendant. We do not think the court committed error in this instruction. The allotment of Delia Nero at her death descended to her illegitimate child, Rosa Nero, in accordance with section 8420, Rev. Laws 1910. Section 8421, Rev. Laws 1910, provides that if an illegitimate child dies without lawful issue, which was the fact in this case, the estate goes to the mother, or in case of her decease, to her heirs at law. The heirs at law of the mother were the plaintiff and defendant. Plaintiff in error, however, contends that by virtue of subdivision 3 of section 8418, Rev. Laws 1910, the estate was inherited by the father for the reason that Delia Nero at the time of her death was a minor and her parents were not living together, and the father, having had the care of the deceased minor, inherited all the property. This section, we think, has no application, for the reason Delia Nero died with issue, and section 8420, Rev. Laws 1910, controlled in determining how the estate descended, and the illegitimate child having inherited the estate, upon her death the inheritance is controlled by section 8421, Rev. Laws 1910. This portion of the judgment we think is correct.

We will next consider the judgment for the rents in the sum of $1,400. Plaintiff in error demurred to the evidence produced on behalf of plaintiff and excepted to the instruction of the court on the measure of damages. Neither the brief of plaintiff in error nor the brief of defendant in error enlightens us any in the consideration of the law that is applicable to the facts in the case. It is the duty of the trial court to instruct the jury as to the law applicable to the facts in the case. The court has announced the following rule:

"But if the court undertakes to instruct the jury as to the law, and does so incorrectly, this is prejudicial error." Chicago, R. I. & P. R. Co. v. Baroni, 32 Okla. 540, 122 Pac. 926; St. L. & S. F. R. Co. v. Crowell, 33 Okla. 773, 127 Pac. 1063.

The instruction to the jury in this case does not meet this requirement. The record discloses that plaintiff left the defendant in

possession of the property without notifying him where she was, so it must be presumed that she knew he was occupying the premises and in possession of the same. The first question for determination is whether the husband who uses the real estate of his wife with her knowledge and consent and without any agreement that he shall account for the rents, is liable in an action for an accounting for the rent. This is the material question in this case, and is not even referred to by plaintiff or defendant.

13 R. C. L. 1388, announces the following rule:

"In some cases, however, the broad view is taken that where the separate property is received and used by a husband with the consent of the wife, a gift is presumed, and in order to impose an obligation on him therefor there must be an agreement on his part to repay the money so appropriated; and this presumption is especially true as regards the income and profits of a wife's separate estate which the husband is permitted to receive and use with her consent."

The right of the wife to maintain suit against her husband for property that has been disposed of by him with her knowledge and consent, and without any agreement to account for the same, is discussed in the case of Sodowsky v. Sodowsky, 51 Okla. 689, 152 Pac. 393. There is also a distinction made in cases where the husband occupies separate property of the wife with her knowledge and consent and makes improvements thereon. None of these questions are mentioned in the briefs, nor was the jury instructed upon these questions. These questions are all discussed in the following cases: Crowley v. Crowley (Mo. App.) 151 S. W. 512; Courtright v. Courtright (Iowa) 4 N. W. 824; Schmidt v. Schmidt (Minn.) 57 N. W. 453; Adoue v. Spencer (N. J. App.) 49 Atl. 10; Hauer's Estate, 140 Pa. St. 420, 21 Atl. 445.

The court in its instruction to the jury stated that the defendant unlawfully held possession of the wife's separate property from her. There is no evidence to support this part of the instruction. There is some evidence, or it might be inferred from the evidence, that the wife's allotment was occupied as the homestead and was used as the homestead of the family. This question is also material in determining whether the husband would be liable for an accounting for rents acquired from the homestead. The record discloses that the defendant occupied the premises several years prior to statehood, and the laws of Arkansas would necessarily control the relation of the parties during that time. These questions are not even referred to in the brief by either party, nor did the court instruct the jury as to the law upon any of the questions.

For the reasons stated, we are unable to affirm the judgment of the court for rents, and that portion of the judgment is reversed and cause remanded, with instructions to grant plaintiff in error a new trial.

PITCHFORD, V. C. J., and MILLER, NICHOLSON, and ELTING, JJ., concur.