**BRADY et al. v. INTERSTATE MORT. TRUST CO.**

No. 11125—Opinion Filed Jan. 15. 1924.

(Syllabus.)

1. **Mortgages — Defenses — Satisfaction by New Mortgage.**

Where the plaintiff sues the defendant on a note secured by a real estate mortgage, and the evidence of defendant in support of his answer is that a new note and mortgage was given by defendant and accepted by the plaintiff with the agreement same should satisfy the first note and mortgage, a verdict and judgment for plaintiff on demurrer to defendants' evidence was erroneous, for that execution of the new mortgage on the same property to secure the same debt secured by the old mortgage will release and discharge it, if intended by the parties to operate as a payment or satisfaction.

2. **Trial—Demurrer to Evidence—Effect.**

In determining whether as a matter of law a demurrer to the evidence submitted in proof of defendant's affirmative defense should be sustained, the demurrant is considered as admitting all the evidence produced on behalf of the defendant, and the inferences and conclusions reasonably to be drawn therefrom.

Error from District Court, Tulsa County; Redmond S. Cole, Judge.

Action by the Interstate Mortgage Trust Company against Rachel C. Brady and another. Judgment for plaintiff. and defendants bring error. Reversed and remanded.

Walker, Underwood & Rodolf, for plaintiffs in error.

Wm. Blake and W. A. Disch, for defendant in error.

BRANSON, J. This cause was instituted in the district court of Tulsa county, Okla., in February. 1918. The Interstate Mortgage Trust Company, a corporation, as plaintiff, sued Rachel C. Brady and Wyatt T. Brady on a promissory note for $3,000, maturing the 1st day of October, 1917, which note was secured by a mortgage on lots 4 and 5. block 21. in North Tulsa, Tulsa county, Okla., and a part of lot 7, in block 7. in the city of Tulsa, specifically described in the mortgage. The relief prayed against the said defendants was for judgment on the note. interest, costs, and the foreclosure of the mortgage lien. There were several other defendants in the action, growing out of some alleged estate or easement acquired in the property on which the mortgage was sought to be foreclosed. The only defendants necessary to be mentioned are Rachel C. Brady and Wyatt T. Brady, who were wife and husband, respectively.

Judgment was rendered in the district court in favor of the plaintiff and against the defendants, from which this appeal is perfected. The parties will be referred to as they appeared in the court below.

The defendants admitted in their answer the execution of the note and mortgage pleaded by the plaintiff, but set up a state of facts tantamount to payment by way of accord and satisfaction; the answer of the defendants being in substance this: That sometime prior to the maturity of the note pleaded by the plaintiff, the plaintiff through its agent suggested, prevailed upon, and induced the defendants to make improvements upon the said described real estate covered by plaintiff's mortgage by erecting certain buildings thereon, supporting the said inducement by an oral promise that on the maturity of the said note and mortgage the plaintiff company would make the defendants a much larger loan on said premises so improved, which would operate to cancel and satisfy and fully liquidate the note and mortgage now sued on by the plaintiff; that

on the execution of the new note and mortgage for the new loan, the note now sued on by the plaintiff would be surrendered and the mortgage released; and that in accordance with said oral contract, about the time the said note fell due, to wit, October 1, 1917, the defendants made, executed, and delivered to the plaintiff, through its authorized agent, a note and mortgage on the said described property in the sum of $6,000, which the plaintiff accepted, agreeing to take out of the said new note and mortgage the amount due on the original $3,000 note and mortgage, to pay certain delinquent taxes, special assessments, etc., and to turn over to the defendants the remainder in money; that after the plaintiff had so accepted the said new note and mortgage, by which under said agreement the note sued on herein was to be satisfied and paid, the plaintiff breached its agreement, and refused to complete the loan, to surrender the old note and to satisfy the mortgage, but brought the instant suit for judgment on the note and to foreclose the mortgage.

To this answer the plaintiff filed a reply, which, after denying generally the allegations of the answer not specifically admitted, and making specific denial of the agency of one E. M. Swatzel, with whom defendants' contract was made, among other things, pleaded:

"And plaintiff alleges that said new note and mortgage on said premises mentioned in said answer and cross-petition was executed by said defendants Wyatt T. Brady and Rachel C. Brady about the 15th day of November, 1917, and the same were filed for record and recorded in the office of the county clerk of Tulsa county, Oklahoma, on the 16th day of November, 1917. * * * And plaintiff further alleges that it was agreed in the application for said loan that the said Wyatt T. Brady should furnish at his expense an abstract of title to said property and pay for recording the mortgages to be executed thereon, and in accordance with said agreement the abstract to said property was on the 17th day of November, 1917, extended, so as to show said mortgages last above mentioned. * * *"

Then the reply sets out some alleged defects in the title disclosed by the abstract, and that the defendants were advised of the said defects in the title, and refused to correct the same, and that by reason thereof the plaintiff on the 30th day of November, 1917, "duly executed its release to said renewal mortgages mentioned in the answer and cross-petition of the defendants, and said release was on the said 30th day of November, 1917, duly filed for record and recorded in the office of the county clerk of Tulsa county, Okla., and said premises were and are wholly discharged from the lien of said mortgages, dated October 1, 1917."

On the trial of the cause, the abbreviated facts disclosed by the record were these: The defendants, having admitted the execution of the note and mortgage sued on, assumed the burden of proof on their affirmative defense pleaded in their answer; that sometime prior to the maturity of the note, a representative of the plaintiff company induced or encouraged the defendants to erect certain buildings upon the property covered by the mortgage owned by the plaintiff. That these buildings were erected at a cost of several thousand dollars; that an oral understanding was made that at the maturity of the note sued on, to wit, October 1, 1917, a much larger loan would be made upon the premises so improved, out of which the original loan would be satisfied. In pursuance of this agreement, as admitted by the reply of the plaintiff to the answer of the defendants, the plaintiff prepared the principal note and commission notes and the mortgage to be executed by the defendants, submitted them to the defendants for execution, they were executed by the defendants, delivered back to the plaintiff, were accepted, and the mortgage placed of record in the mortgage and deed records of Tulsa county.

On examination of the abstract, the defendants' evidence disclosed there were certain alleged clouds appearing upon the title, but all of which were removed by the defendants, or offered to be removed by them, and that the new notes and mortgage were executed, delivered, and accepted by the plaintiff with the agreement and understanding that the same would operate to satisfy, release, pay and discharge the original note and mortgage; the remainder of the proceeds arising from the new note and mortgage to be used in paying certain delinquent taxes, and whatever, if anything, left to be delivered to the defendants, and that the plaintiff had the notes executed by the defendants, and had never delivered or tendered the same back to the defendants.

To this testimony the plaintiff interposed a demurrer, which was by the court sustained, and the jury instructed to return a verdict for the plaintiff for the full amount sued for, on which verdict judgment was entered in favor of the plaintiff.

The defendants assign as error sustaining the demurrer to the evidence of the defendants, and instructing the jury to return a verdict for the plaintiff. All of the allegations of the defendants' answer, when taken and properly construed, constitute a defense of accord and satisfaction. The evidence

introduced on behalf of the defendants, if true, was sufficient to warrant the jury in returning a verdict in favor of the defendants.

On a demurrer to the evidence, all the facts which the evidence tends to prove are treated as admitted. Clarke et al. v. O'Toole et al., 20 Okla. 319, 94 Pac. 547; Ziska v. Ziska et al., 20 Okla. 634, 95 Pac. 254; Scully v. Williamson 26 Okla. 19, 108 Pac. 395; Plather v. Chillson & Chillson, 21 Okla. 224, 95 Pac. 775.

If it was the intention of the parties in the case at bar that the execution of the new mortgage should satisfy and operate as a discharge, payment, or satisfaction of the original indebtedness, then the judgment in favor of the plaintiff should be reversed. The evidence of the defendants admitted by the demurrer definitely discloses that this was the purpose and intention of the new notes and mortgage. Brown v. Bass (U. S.) 18 L. Ed. 330; Kilgour v. Scott, 101 Fed. 359; Friend v. Yahr 126 Wis. 291; Callahan v. Mercantile Trust Co., 188 Mass. 393, 74 N. E. 666; Prescott v. Brooks (N. D.) 94 N. W. 88; Loomer v. Marks, 50 Miss. 251.

If the new notes and mortgage securing the same, taken by the plaintiff on the same property covered by the mortgage sought to be foreclosed, were secured under such circumstances as would warrant the plaintiff in rescinding the contract, then certainly the plaintiff would have to return to the defendants the notes, and satisfy the mortgage. The evidence clearly shows that although the plaintiff did undertake to release the mortgage, the notes had never been surrendered or tendered to the defendants. To require the defendants to pay this judgment, the new notes being retained by the plaintiff, might subject the defendants to the payment of the obligation in question to some innocent purchaser or holder of the notes. We do not think that the law will permit the plaintiff under any conditions to collect the original note while the plaintiff is still retaining the new notes executed by the defendants, which the defendants' testimony shows were intended to satisfy the old obligation. Costa v. Davies (Ark.) 46 Am. Dec. 311; Brabazan v. Seymour, 42 Conn. 553; Morrison v. Smith 81 Ill. 221; McMurray v. Taylor (Mo.) 77 Am. Dec. 611; Holmes v. De Camp (N. Y.) Am. Dec. 293.

For the reasons given, we think that the trial court committed reversible error in sustaining the demurrer to the testimony offered on behalf of the defendants, and in not submitting the issues raised by the pleadings and supported by the defendants'

proof to the jury. The cause is reversed and remanded, with directions to vacate the judgment and grant the defendants a new trial.

JOHNSON, C. J., and KENNAMER, COCHRAN, HARRISON, and MASON, JJ., concur.