## WATKINS et al. v. HUFF et al.

No. 12540—Opinion Filed Jan. 22, 1924.

(Syllabus.)

1. **Partnership — Relation of Partners—Agency.**

The rights, duties, and functions of partners, in a great measure, comprehend those

of agents, and the general rules of law applicable to agents apply with equal force to partners. Every partner is not only a principal, but also a general authorized agent for the firm and the agent for all the partners for all purposes within the scope and objects of the partnership.

## 2. Same—Validity of Contracts—Apparent Scope of Authority.

A contract will ordinarily bind a partnership when it is made by a partner within the apparent scope of his authority and the person dealing with the partner has no knowledge that such partner intends it for his individual benefit and is acting in violation of his obligations and duties to the firm.

## 3. Same—Effect of Knowledge of Contracting Party.

Where a person seeking to charge a partnership is apprised that the transaction is not for or on account of the firm, or knows, or has reason to believe, that the firm's credit is being pledged, or that payment is being made with partnership funds in satisfaction of an individual debt, the copartners not consenting thereto will not be bound thereby.

## 4. Appeal and Error — Prejudicial Error—Instruction.

Where the record shows an erroneous instruction which might and probably did mislead the jury, the giving of such instruction constitutes prejudicial error.

Error from District Court, Harmon County; Frank Mathews, Judge.

Action by A. J. Watkins and another against F. M. Huff and another. Judgment for defendants, and plaintiffs appeal. Reversed and remanded.

Geo. L. Zink, for plaintiffs in error.

C. H. Madden, for defendants in error.

NICHOLSON, J. This was an action by plaintiffs in error as plaintiffs below, against the defendant in error defendants below, to recover the sum of $1,018.50, with interest, upon a check signed "Hollis Garage, by J. A. Hawke," drawn on the City National Bank of Hollis, payable to the order of "Auto Sales Co." and given in payment for an automobile.

Summons was duly served on the defendant F. M. Huff, but the defendant J. A. Hawke was not found. Huff filed answer in which, after denying generally the allegations of plaintiffs' petition, he averred that J. A. Hawke had no authority to issue the check made the basis of the action; that the defendants were only engaged in repairing automobiles and selling gasoline and oil, and were not dealers in automobiles; that the purchase of an automobile from the plaintiffs for the Hollis Garage was wholly without the scope of Hawke's authority, and was not binding upon Huff or the Hollis Garage; that the plaintiffs had due notice that the check would not be honored at the bank upon which it was drawn.

After a reply, consisting of a general denial, was filed, the case was tried to a jury and a verdict returned in favor of the defendant Huff, upon which judgment was duly entered, and to review which the plaintiffs have appealed.

The facts, about which there is no dispute, are that F. M. Huff and J. A. Hawke were partners, doing business at Hollis, under the firm name of Hollis Garage; that at the time such partnership was formed. J. A. Hawke had an order in with the plaintiffs for a Dodge car; said car was received by him after the formation of the partnership and was paid for by the partnership. This car was by the defendants sold to one Clay Hall. After such partnership was formed, and on or about May 1, 1920, Hawke purchased of the plaintiffs another Dodge car, paying therefor with a check signed: "Hollis Garage by J. A. Hawke." This car was sold by the defendants to one John Aikens. Afterwards, and on or about June 29, 1920, Hawke purchased of the plaintiffs another Dodge car and paid for the same by delivering to the plaintiffs an old car and the check for $1,018.50 made the basis of this action.

At the time this check was given, neither of the plaintiffs had ever met the defendant Huff, but their business dealings with the Hollis Garage had been through Hawke. They had, prior to such time, sold supplies to the Hollis Garage which had on some occasions been sent C. O. D., and on others had been paid for with checks. In all these dealings with Hawke, checks had been given signed: "Hollis Garage by J. A. Hawke."

C. R. Updyke, one of the plaintiffs, testified on cross-examination that he recognized the contract by which the car was purchased as being made with Hawke; that all his dealings and correspondence had been with Hawke; that when Hawke came for the car, he told Updyke that the firm was paying for it, and gave the plaintiffs the check sued on; that Updyke asked Hawke if he had the money in the bank, and Hawke replied that he had made suitable arrangements with reference to taking care of the check.

Plaintiffs' sole complaint is that under the undisputed facts the trial court erred

in giving to the jury the following instruction:

"Should you find that the 'Hollis Garage, composed of F. M. Huff and J. A. Hawke, as one of their avocations were engaged in dealing in automobiles and that the said J. A. Hawke, being a member of said firm, purchased an automobile from the plaintiffs for said Hollis Garage and in payment therefor executed the check sued upon, then your verdict should be for plaintiffs for the amount sued for; or

"Should you find that said firm was not engaged in the business of buying and selling automobiles, but that the defendant F. M. Huff knowingly permitted the other member of the firm, to wit, J. A. Hawke, to purchase automobiles upon the firm's account and to issue checks in payment therefor, upon the account of the said firm, and should you find further that the plaintiffs in this case, having knowledge of that fact, sold to the said J. A. Hawke a certain automobile and accepted the check in controversy on part payment for the same, then your verdict should be for the plaintiffs for the amount sued for.

"Unless you find one or the other of these propositions to be true, then your verdict should be for the defendant."

It will be observed that in the first paragraph of this instruction the court submitted to the jury the question of the scope of the business of the partnership, and had he stopped there, the instruction would not have been subject to criticism, but the instruction went further and told the jury that if Hawke purchased an automobile from the plaintiffs for the Hollis Garage, and in payment therefor executed the check sued upon, then their verdict should be for the plaintiffs for the amount sued for. This part of the instruction, standing alone, was erroneous in that, in order to justify a verdict for the plaintiffs thereunder, the jury was required to find that Hawke purchased the automobile for the partnership, and there was no evidence showing such to be the fact; to the contrary, Hawke apparently purchased the car for himself and left the community.

The rights, duties, and functions of partners, in a great measure, comprehend those of agents, and the general rules of law applicable to agents apply with equal force to partners. Accordingly the liability of one partner for the acts of his copartner is founded on and governed by the principles of agency. Every partner is not only a principal, but also a general and authorized agent for the firm, and the agent of all the partners for all purposes within the scope and objects of the partnership. 20 R. C. L. 882. Hence, a contract will ordinarily bind a partnership when it is made by a partner within the apparent scope of his authority, and the person dealing with the partner has no knowledge that such partner intends it for his individual benefit and is acting in violation of his obligations and duties to the firm (Smyth v. Strader, 4 How. 404, 11 L. Ed. 1031); but, on the other hand, where a person seeking to charge the partnership is apprised that the transaction is not for or on account of the firm, or knows, or has reason to believe, that the firm's credit is being pledged, or that payment is being made with partnership funds in satisfaction of an individual debt, the copartner, not consenting thereto, will not be bound thereby. Locke v. Lewis, 124 Mass. 1, 26 Am. Rep. 631; Babcock v. Standish, 53 N. J. Eq. 376, 33 Atl. 385, 51 Am. St. Rep. 633, 30 L. R. A. 604. While it is not necessary that a person extending credit to a partnership should know or believe that each individual of the firm would approve the transaction, it is necessary that he should not know that the property sold was not to inure to their benefit, in the absence of all proof of the assent or approbation of the party to be charged. Huntington v. Lyman (Vt.) 12 Am. Dec. 716. It is obvious that the first paragraph of the instruction complained of did not correctly state the law, as it was not absolutely necessary that the automobile be purchased for the firm. This instruction was in the alternative, and by the second paragraph the jury was told, in substance, that even though said firm was not engaged in the business of buying and selling automobiles, yet, if the defendant Huff knowingly permitted Hawke, the other member of the firm, to purchase automobiles upon the firm's account, and to issue the checks of the firm in payment therefor, and the plaintiffs, having knowledge of that fact, sold to Hawke an automobile and accepted the check in controversy as part payment therefor, then their verdict should be for the plaintiffs.

Counsel for plaintiffs insist that this part of the instruction is erroneous in that by it the jury was required to find that the plaintiffs must have had knowledge that the firm was not dealing in automobiles, and that Huff was permitting his partner to exceed the apparent scope of the firm's business. We do not so construe the language used, but it seems to us that what the court meant was that if the plaintiffs, having knowledge that Huff had permitted Hawke to purchase au-

tomobiles upon the firm's account, and to issue checks on the firm in payment therefor, sold Hawke the automobile and accepted in payment therefor the check sued on, then the plaintiffs should prevail. This paragraph of the instruction fairly stated the law applicable to the theory of an estoppel or a presumption of acquiescence on the part of Huff, who knowingly permitted his partner to purchase automobiles upon the firm's account, and under the evidence and this portion of the instruction, the jury might have found for the plaintiffs. However, this instruction as a whole might and probably did mislead the jury, and as it was the duty of the trial court to properly instruct the jury as to the law of the case, his failure to do so constitutes prejudicial error. First National Bank of Mounds v. Cox, 83 Okla. 1, 200 Pac. 238; Nero v. Nero, 80 Okla. 185, 195 Pac. 492; Gigoux v. Henderson (Kan.) 190 Pac. 1092.

Therefore, the judgment of the trial court is reversed, and the cause remanded for a new trial.

McNEILL, COCHRAN, HARRISON, and MASON, JJ., concur.