## HOUSTON et al. v. McCRORY et al.

No. 19124.   Opinion Filed Oct. 15, 1929.

Rehearing Denied Nov. 19, 1929.

Edward J. Fleming and Arden E. Ross, for plaintiffs in error.

W. F. Schuermeyer, for defendants in error.

ANDREWS, J.   The parties appear herein as they did in the district court and they will be referred to as plaintiffs and defendants.

The issues in the trial court, as stated by plaintiffs in their brief, were as follows:

"(1)   Whether the string of drilling tools contributed by plaintiffs and the string of drilling tools contributed by defendant became partnership property or remained the individual property of plaintiffs and of defendant, respectively; and,

"(2)   Whether or not the partnership was dissolved September 8, 1926, and whether the well thereafter drilled, known as Stubblefield No. 2, was a partnership venture or the individual undertaking of the defendant."

And the plaintiffs present the errors complained of by them under two headings, as follows:

"(1)   The finding and holding of the trial court that the two strings of drilling tools, contributed by plaintiffs and by defendant, respectively, did not become partnership property, but remained the separate property of plaintiffs and of defendant, respectively, is not supported by the evidence and is contrary to the evidence.

"(2)   The finding and holding of the court that the partnership of plaintiffs and de-

fendant was dissolved September 8, 1926, and that the well thereafter drilled, known as Stubblefield No. 2, was the individual undertaking of defendant and not a partnership venture, is not supported by the evidence, and contrary to the weight of the evidence, and is contrary to law."

It appears from the pleadings and evidence that W. A. Houston, L. W. Houston, and their mother constituted a copartnership known as Houston Brothers, and that that copartnership and W. W. McCrory entered into an oral agreement whereby Houston Brothers, copartners, and W. W. McCrory would engage in business as drilling contractors under the name of McCrory & Houston Brothers. McCrory owned a string of drilling tools and Houston Brothers owned a string of drilling tools, and the profits from the business were to be divided, one-half to McCrory and one-half to Houston Brothers.

The plaintiffs contend that the two strings of drilling tools were to, and did become partnership property, and the defendant, McCrory, contends that he contributed the use of the drilling tools owned by him and retained the title thereto, and that Houston Brothers contributed the string of drilling tools owned by them, and that the firm of McCrory & Houston Brothers never at any time acquired title to either of the strings of tools.

It is further contended by the defendant, McCrory, that the partnership was dissolved on the 8th day of September, 1926, and that the drilling contract that he made for the drilling of the Stubblefield No. 2 well on September 10, 1926, in his own name was his personal enterprise and not that of the partnership.

Plaintiffs contend that the partnership was not dissolved and that the profits from the Stubblefield No. 2 contract belonged to the partnership and should be divided in accordance with the terms of the partnership agreement.

It is admitted that certain property was purchased from the partnership funds and is the property of the partnership and that the partnership property was used by the defendant, McCrory, in the drilling of the Stubblefield No. 2.

The partnership contract was not in writing and no term for its continuance was fixed.

Plaintiffs contend, in support of their proposition No. 1, that the evidence showed that the taxes on both strings of tools were paid by the partnership; that both strings of tools were assessed to the partnership and the assessment list signed by McCrory; that both strings of tools were shown as partnership property in the income tax returns, and that there was other testimony tending to show that the two strings of tools became partnership property. The defendant, McCrory, testified positively that there was no agreement that either string of tools was to be contributed to the partnership, and the plaintiff, W. A. Houston, testified:

"He said we would drill it together and move a string we had—Houston Brothers, because it was more complete, and when they got another well, we would move the string he had and he would build it up to match the string we had in there."

There was other evidence tending to support defendant's contention.

The court, after hearing the testimony and observing the witnesses and their manner and conduct upon the witness stand, made a finding of fact, as follows:

"The court finds, however, as a matter of fact, that the title and ownership of the respective parties in and to the tools which they contributed remained in them, that is to say, that W. W. McCrory retained the ownership and title of his tools, as did the Houston Brothers, but that they were thrown together for the purpose of carrying out the purpose of the partnership."

This being a proceeding for equitable relief and the evidence being conflicting and irreconcilable, the finding of the trial court will not be disturbed unless the same is against the clear weight of the evidence. Flynn v. Vanderslice, 134 Okla. 156, 273 Pac. 213; Nolan v. Mathis, 134 Okla. 70, 272 Pac. 857, and Patsy Oil & Gas Co. v. Baker, 127 Okla. 76, 259 Pac. 864.

We are unable to say that the finding of the trial court is against the clear weight of the evidence.

There is no direct testimony that the strings of tools were to become partnership property. The conduct of the parties was such that the trial court could well have determined that question either way, and this court will affirm the finding of the trial court.

The rule hereinbefore discussed applies equally as well to the contention of plaintiffs as to the finding by the court that the partnership was dissolved September 8, 1926, and that the well known as Stubblefield No. 2 was drilled as the individual undertaking of defendant, McCrory.

The evidence with reference thereto was sharply conflicting. We do not care to en-

ter into an extended discussion thereof. Suffice it to say that within the period during which the plaintiffs contend the partnership was still in force, the plaintiffs entered into a drilling contract for the deepening of what was known as McCoy No. 11 in the name of Houston Brothers. While they attempt to explain this, we can see where their explanation would not be satisfactory to the court.

The trial court found:

"9. That on the 8th day of September, 1926, this defendant, W. W. McCrory, advised W. A. Houston that their arrangement between them was by him terminated and that he did not desire to proceed further with the partnership arrangement or agreement; and the court finds, as a matter of fact, that the defendant, W. W. McCrory, at the time advised the said W. A. Houston that he desired to terminate the contract of partnership, and advised W. A. Houston that they would enter into no further contracts for the drilling of any additional wells.

"10. The court finds that after this statement made by the defendant, McCrory, the plaintiff, W. A. Houston, entered into a contract to finish up a well known as Mc-Coy No. 11 deepening, and the court finds that all of the work performed and done upon McCoy No. 11 deepening was carried on and done by the plaintiffs, Houston Brothers."

And upon a review of all the evidence, we cannot say that the finding of the court is contrary to the weight of the evidence.

With reference to the contention that this finding is contrary to the law, plaintiffs state in support thereof:

"Comp. Stat. of Oklahoma, 1921, sec. 8131, provides that a general partnership is dissolved as to all the partners by the expressed will of any partner. This section contemplates that actual notice must be communicated to all the members of the firm. The text-writers state the rule:

" 'To effect the dissolution of a partnership at will there must be * * * notice by the party desiring a dissolution to his copartners of his election to terminate the partnership, or his election must be manifested by unequivocal acts or circumstances brought to the knowledge of the other parties.' 30 Cyc., Partnership, 651.

" 'All that is required is that notice of the dissolution must be communicated forthwith to the other members of the firm.' 20 R. C. L., Partnership, sec. 178, page 954"
—and cite no other authorities. In answer to which the defendant, McCrory, says:

"The authorities sustain the proposition that a partnership may, as such, enter into a partnership with an individual.

"Shumaker, The Law of Partnership, page 142:

" 'A firm may enter into a contract of partnership with another firm, or with an individual. * * *'

"Rowley, Modern Law of Partnership, vol. 1, sec. 192:

" 'One firm of partners may form a partnership agreement with another firm. In other words, two or more partnerships may form a partnership.'

"See, also, 30 Cyc. page 424, note 4, and cases cited."

It is conceded that there was no agreement fixing a term for the duration of this partnership, and under the provisions of section 8131, C. O. S. 1921, the partnership could be dissolved as to all the partners "by the expressed will of any partner, * * *" or, as was said in Cunningham et al. v. Spencer, 111 Okla. 217, 239 Pac. 444, quoting from 20 R. C. L. 954:

" 'Such a partnership may be dissolved by the agreement of the members, or by the act of any partner alone proceeding in accordance with his own will and pleasure and at a moment's notice'."

This partnership was composed of W. W. McCrory, an individual, and Houston Brothers, a copartnership. Notice to one partner of any transaction occurring after the partnership was formed is notice to the other partners, as each partner is not only a principal but a general authorized agent for the firm and the agent for all the partners for all purposes within the scope and object of the partnership. Watkins v. Huff, 101 Okla. 5, 222 Pac. 693.

McCrory testified positively that he notified W. A. Houston of the dissolution of the partnership, and if he did so, that was sufficient notice to Houston Brothers, copartners. This notice was denied by W. A. Houston, and the evidence being sharply conflicting, the finding of the trial court must be sustained.

We find no error in the finding and judgment of the trial court, and same is in all things affirmed.

The trial court reserved certain matters for determination and in order that there may be no misunderstanding as to the effect of this opinion, we desire to state that the trial court should proceed with the determination of the questions reserved.

The cause is affirmed and is remanded to the trial court for a determination of the questions reserved.

MASON, C. J., LESTER, V. C. J., and HUNT, RILEY, HEFNER, and SWINDALL, JJ., concur. CLARK and CULLISON, JJ., absent.