In the Matter of the Arbitration between MURRAY J. TUTTMAN et al., Copartners Doing Business under the Name of HARRY TUTTMAN & SON, Appellants, and KATTAN, TALAMAS EXPORT CORP., Respondent.

First Department, November 15, 1948.

*David K. Shappiro* for appellants.

*Albert Adams* of counsel (*Ferris & Adams,* attorneys), for respondent.

*Per Curiam.* The contract between the parties provided: " Any controversy arising under, or in relation to this contract shall be settled by arbitration." In another clause of the contract it was agreed that " All claims are to be made within 10 days of receipt of goods, and no claims or allowances can be made after the goods is [sic] cut or converted." About twenty-seven days after the goods had been delivered by respondent to petitioners, the latter claimed to have discovered them to be defective and attempted to return the merchandise. The material had never been used, cut or converted by petitioners. Respondent rejected the offer to return the goods and instituted this action against the petitioners for the purchase price. Thereupon petitioners moved for an order staying the

action and directing that the issues between the parties be arbitrated.

We think that the ten-day clause as to the making of claims or allowances does not constitute a Statute of Limitations for the institution of arbitration proceedings under the terms of the agreement of arbitration between the parties. Whether the claim made by petitioners more than ten days after the receipt of the goods should be allowed, however, is a matter for determination by the arbitrators. The language employed in the contract is sufficiently broad to vest with the arbitral tribunal exclusive jurisdiction of all disputes arising subsequent to the making of the contract (*Matter of Lipman* [*Haeuser Shellac Co.*], 289 N. Y. 76, 80; *Matter of Wenger & Co.* v. *Propper Silk Hosiery Mills*, 239 N. Y. 199, 202–203).

The order should be reversed, all proceedings on respondent's part in the pending action are stayed and the parties are directed to proceed to arbitration.

Peck, P. J., Glennon, Dore, Cohn and Van Voorhis, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellants and the motion granted.