In the Matter of the Arbitration between ERVAY J. BAKER, Appellant, and BOARD OF EDUCATION OF CENTRAL SCHOOL DISTRICT No. 2 OF THE TOWNS OF BATH, CAMERON, WHEELER, URBANA, THURSTON, AVOCA AND HOWARD, STEUBEN COUNTY, et al., Respondents.

In the Matter of the Arbitration between ERVAY J. BAKER et al., Appellants, and BOARD OF EDUCATION OF CENTRAL SCHOOL DISTRICT No. 2 OF THE TOWNS OF BATH, CAMERON, WHEELER, URBANA, THURSTON, AVOCA AND HOWARD. STEUBEN COUNTY, et al., Respondents.

Argued January 4, 1956; decided February 16, 1956.

*Nicholas E. Brown* and *Elliott Horton, III,* for Ervay J. Baker, appellant. I. A bona fide dispute exists between the

associated architects and the board of education. II. Baker is entitled to arbitrate the disputes with the board of education under the contract between the board and the associated architects. (*Matter of Damsker [Carey]*, 283 App. Div. 719.)

*George J. Skivington* for Board of Education of Central School District No. 2 and another, respondents. I. In neither proceeding has arbitration been " the choice of either party ". (*Matter of Damsker [Carey]*, 283 App. Div. 719.) II. In the first arbitration proceeding there was no compliance with section 3813 of the Education Law. III. In the first arbitration proceeding there was no showing of a " dispute " between " the architect " and the board of education within the meaning of paragraph " 12 " of the contract. (*Matter of Webster* v. *Van Allen,* 217 App. Div. 219; *Matter of Eagar Constr. Corp.* v. *Ward Foundation Corp.,* 255 App. Div. 291; *Matter of Lipman [Haeuser Shellac Co.],* 289 N. Y. 76; *Dwyer* v. *Biddle,* 274 App. Div. 903; *Matter of Tanenbaum Textile Co.* v. *Schlanger,* 287 N. Y. 400.) IV. At the time when the motions in the second arbitration proceeding by the board and by White and Helm to permanently stay arbitration came on to be heard, it was conclusively shown there was then no " dispute " of any kind or nature between the board and " the architect ".

*Carrollton A. Roberts* for Thomas L. White and another, respondents in the first above-entitled proceeding and appellants in the second above-entitled proceeding. I. White and Helm constitute a majority of the party of the second part in the contract between " the architect " and the board of education and have the right of choice as to whether or not there shall be arbitration. (*Clarke* v. *State Valley R. Co.,* 136 Pa. 408.) II. The matters as to which Baker seeks arbitration in his two notices of intention to arbitrate are not matters in " dispute " between " the architect " and the board but personal matters between Baker and the board.

BURKE, J. The board of education as " Owner " entered into a contract with two architectural firms; Ervay J. Baker of Hammondsport, New York, the appellant, and White and Helm of Geneva, New York, as " Architect " in connection with the construction of school buildings at Bath, New York. The con-

tract between the owner and the architect contained an arbitration clause which provided: " 12. Arbitration. All questions in dispute under this agreement shall be submitted to arbitration at the choice of either party ". On the same day a contract was entered into between the two architectural firms which incorporated by reference the provisions of the contract between the owner and the architect. The terms and conditions of the architects' contract were known to the board of education. Under the terms of the contract between the architects, Baker was responsible for the supervision of construction and the issuance to the contractor of certificates entitling the contractor to interim payments. During the course of construction, Baker, believing that the payment of a requisition of $81,000 would amount to a total payment in excess of the contractor's costs up to that time and might enable the contractor to avoid the completion of the unfinished work within the contract price, notified the contractor that he required a justification of the requisition before he would approve the payment. The contractor notified the board and Baker of his intention to terminate the contract, and ceased work. Then the board negotiated a settlement with the contractor without consulting Baker or considering the data Baker had assembled, justifying, in his opinion, the refusal to certify the payment. On October 22, 1953, the board passed a resolution discharging Baker. Since then Baker has received no compensation.

Baker filed two claims against the board of education, dated November 30, 1953. The first claim sought the payment of fees due to the associated architects. The second claim covered only Baker's share of the fees plus his disbursements and was founded on the theory of board liability arising from the board's action in compelling White and Helm to sever their association with Baker. Upon the rejection of the claims, Baker requested White and Helm to join him in demanding arbitration. When White and Helm failed to reply, Baker served, in his own name, a demand for arbitration on the board and provided White and Helm with copies of the demand. The board and White and Helm moved separately to stay permanently the demand for arbitration. The motions were granted and the orders entered staying arbitration have been affirmed.

After the motions were granted in the first proceeding, Baker filed a new claim in the joint names of Baker and "White and Helm". This claim was the subject of a second proceeding to stay arbitration, in which orders were entered granting a stay. The orders entered in the second proceeding were also affirmed by the Appellate Division.

The board contends that none of the questions propounded in the notice of intention to arbitrate concern a dispute with the board.

The questions are based on the actions of the board in settling with the contractor without a certificate approving payment executed by Baker and in discharging Baker, coupled with a refusal to compensate him or reimburse him for expenses allegedly incurred, as provided for by the owner-architect contract.

It is our view that a bona fide dispute exists which must be arbitrated pursuant to clause 12 of the contract. Any differences between Baker and the contractor or Baker and his associate architect, "White and Helm", arose out of the performance on his part of his duties under the contract. The dispute, therefore, is between Baker and the board as to the propriety of their respective acts. Since the disputes are within the scope of the arbitration clause, they must be settled by arbitration, if demanded by either party. (*Matter of Wenger & Co.* v. *Propper Silk Hosiery Mills,* 239 N. Y. 199, 202; *Matter of Lipman* [*Haeuser Shellac Co.*], 289 N. Y. 76; *Matter of Bohlinger* [*National Cash Register Co.*], 305 N. Y. 539.)

As an arbitrable dispute exists between the owner and the architect, we must now determine whether Baker is entitled to demand arbitration without the acquiescence of "White and Helm" or White or Helm. The contract gives "either party" the right to compel arbitration. The enforcement of the right to arbitration of the architect party turns on the composition of the association of the architects in this case. Were there three equal partners, Baker, White, Helm, all individuals; or were there two equal partners, Baker, an individual and "White and Helm", a partnership? A partnership, as such, can be a member of another partnership, if that be the intent of the parties. (Uniform Partnership Act, Commissioners' Note, § 6; 7 Uniform Laws, p. 11; *Houston* v. *McCrory,* 140 Okla. 21; *Replogle* v. *Neff,*

176 Okla. 333; *Matter of Hamilton,* 1 F. 800; 1 Rowley on Modern Law of Partnership, § 192, p. 197; Shumaker on The Law of Partnership, pp. 142–143; 68 C. J. S., Partnership, § 68, p. 500.) This partnership was composed of two members, Baker, an individual, and '' White and Helm '' a partnership. The commissions were to be paid one half to Baker and one half to '' White and Helm ''. The association contract was executed by Thomas Lyon White and F. Kirk Helm not as individuals, but as members of the partnership. Section 20 (subd. 3, par. [e]) of the Partnership Law has no application to the situation in this case as that section of the statute prohibits submission of a dispute to arbitration by one partner only in the absence of a contract containing an arbitration clause. The contract containing the arbitration clause has been signed by all the partners and the dispute is one within the coverage of the arbitration clause. Under such conditions, one of two members of a partnership may demand arbitration without the consent of the other partner as such partner is an agent of the partnership (Partnership Law, § 20, subd. 1; *Matter of Damsker [Carey],* 283 App. Div. 719). We do not decide whether one of three equal partners may compel arbitration of a dispute arising out of a contract to which the partnership is a party.

There is no merit to the objection that the notices of claim are defective in that they failed to comply with section 3813 of the Education Law, because they were filed in Baker's name rather than that of the architect's. We find no rigid requirement imposed by the statute in such specific terms. Hence, according to the weight of authority, all that is required is a substantial compliance with the statute. (6 McQuillin on Municipal Corporations [2d ed.], § 2895; *Schwartz* v. *City of New York,* 250 N. Y. 332.) The original notices were more than sufficient to fully apprise the board of the notice of the claim asserted against it.

Our disposition of this appeal does not require us to discuss the notice of claim filed subsequent to the granting of the motions to stay the arbitration made in the first proceeding.

Inasmuch as we do not pass upon the merits of the decisions made in connection with the subsequent claim, the proper practice here is to reverse the later order of the Appellate Division in the second proceeding, and to remit the proceeding to Special

Term with directions to dismiss the motions directed to the subsequent claim, not on the merits, but solely upon the ground that the issues are moot. (*Wilmerding* v. *O'Dwyer,* 297 N. Y. 664, *Matter of Adirondack League Club* v. *Board of Black Riv. Regulating Dist.,* 301 N. Y. 219.)

The orders of the Appellate Division entered January 5, 1955, should be reversed, and the proceedings remitted to Special Term with directions to deny the motions on the merits, with costs, and the order of the Appellate Division dated March 23, 1955, should be reversed, and the proceedings remitted to Special Term with directions to dismiss the motions, not on the merits, but on the grounds that the issues are moot, with costs.

CONWAY, Ch. J., DESMOND, FULD, FROESSEL and VAN VOORHIS, JJ., concur; DYE, J., taking no part.

In each proceeding: Order of Appellate Division reversed, with costs in all courts, and matter remitted to Special Term for further proceedings in accordance with the opinion herein.