

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 12, 1957

Hon. Zollie Steakley
Secretary of State
Austin, Texas

Opinion No. WW-191

Re: Whether a foreign corporation
that is a limited partner must
take out a permit to do business
in the State if the limited part-
nership engages in certain lim-
ited activities in the State; and
whether the term "persons", as
used in Section 2 of the Texas
Uniform Limited Partnership Act,
includes partnerships.

Dear Mr. Steakley:

You have stated and asked the following:

"The opinion of your office is respectfully requested
in consideration of the following:

"A limited partnership is being formed on the basis
of Article 6132A of Vernon's Civil Statutes to be known as
Venezolano Petroleum, Ltd. The partnership is being
formed to acquire an undivided interest in certain hydro-
carbon concessions granted by the Republic of Venezuela
and to join in the exploration and development of said con-
cessions, and it will not engage in any activities except
such as relate to its properties in Venezuela. San Jacinto
Venezolano, C. A., a Delaware corporation qualified in
Texas and registered in Venezuela, will be sole general
partner and the limited partners will consist of a group
of persons, some of whom are individuals, some partner-
ships and some corporations. The only activity which the
General Partner may perform for the partnership in Texas
will be the keeping of books and records of transactions
carried out in Venezuela, the filing of a United States In-
come Tax Return (Form 1065), the exercise of general
supervision over operating personnel in Venezuela and
possibly in some instances the negotiation of contracts
to be performed in Venezuela.

"The questions presented under the submitted facts are:

"1. Will a corporate limited partner be required to take out a permit to do business if the partnership engages in no other activities than those stated above?

"2. Is a partnership regarded as a 'person' within the meaning of Section 2 of the Texas Uniform Partnership Act, entitled to become a partner either initially or by substitution?"

A foreign corporation which becomes a limited partner in a Texas limited partnership and contributes capital to the partnership is transacting business in the State so as to require qualification in the State if the acts of the partnership would constitute transacting business in the State if done by the foreign corporation alone or if the actions of the foreign corporation constitute transacting business in the State. Harris v. Columbia Water & Light Co., 108 Tenn. 245, 67 S.W. 811; Ashland Lumber Co. v. Detroit Salt Co., 114 Wis. 66, 89 N.W. 904; Fletcher's Corporations (Perm.Ed.) 8500, Vol. 17, p. 553. The extent to which the foreign corporation is transacting business in the State is to be measured by its capital contribution or investment in the limited partnership. People ex rel Badische Anilin & Soda Fabrik v. Roberts, Comptroller, (Court of Appeals, N.Y., 1897) 46 N.E. 161; Sec. 10 (a) of the Texas Uniform Limited Partnership Act (codified as Article 6132a, Sec. 10a, Vernon's Texas Civil Statutes); and 32 Tex. Jur. 312, Partnership, § 61. If this were not so, foreign corporations could circumvent compliance with statutory requirements for obtaining a certificate of authority to transact business in the State. Fletcher's Corporations, § 8517, Vol. 17, p. 606.

The question whether certain acts constitute the transacting of business in the State is mainly a question of fact. All the combined acts of the foreign corporation, and in this instance the acts of the limited partnership and the corporate general partner, must be considered. Security Co. v. Panhandle National Bank, (Texas Sup.Ct., 1900), 57 S.W. 22, Fletcher's Corporations (Perm.Ed.) Sec. 8464, Vol. 17, p. 465.

It is significant that if the limited partnership was not transacting business in the State, there would not seem to be any reason for the limited partnership to register with the Secretary of State. Further, it is noted that the requirement of Article 8.01 of the Texas Business Corporation Act is "to transact business". There is a distinction between "transacting business" and "doing business". Less activity is necessary to have "transacting business" than to constitute "doing business". See Smythe v. Ft. Worth Glass and Sand Co., (Tex.Sup.Ct., 1912), 142 S.W. 1157,

and the authorities cited and discussed. Although Section B of Article 8.01 of the Texas Business Corporation Act puts at rest many old issues, Section A of Article 8.01 invokes the requirement of procuring a certificate of authority more strictly and based on less activity or fewer acts or occurrences than the old requirements of what constituted "doing business". The answer to your first question is yes.

As to your second question it is a rule under our statutes that in statutory construction the ordinary signification shall be applied to words, except words of art or words connected with a particular trade or subject matter. Section 1 of Article 10, Vernon's Texas Civil Statutes. A partnership is not ordinarily thought of as a person under Texas law. 32 Tex.Jur. 221, Partnership, Sec. 5.

A partnership is variously viewed as an entity and as an aggregate of individuals, frequently separately viewed on even the same page of a decision or of a treatise. 32 Tex.Jur. 221-223, Partnership, Sec. 5; Third Annual Oil & Gas Institute, Southwestern Legal Foundation, pp. 268-270. However, it is not viewed as a person as that term is normally used. It is our opinion that such term as "persons" as used in this act is not a word of art nor a word connected with a particular trade or subject matter. The individual partners of a partnership may become limited partners in a Texas limited partnership, but they must do so in their individual capacities.

In the case of Port Arthur Trust Company v. Muldrow, 291 S.W. 2d 312, our Supreme Court cites Article 23, Sec. 2, Vernon's Texas Civil Statutes, which provides that the term "person" generally shall include corporations. There is no such statute providing that the term "person" shall generally include partnerships. Although some states such as Oklahoma view a partnership as such a distinct entity as to be capable of becoming a member of another firm, we do not believe that such view regarding a partnership has been accepted by the Texas courts. Compare Houston v. McCrory, 140 Okla. 21, 282 P. 149 and McFaddin, Wiess & Kyle Land Co. v. Texas Rice Land Co., Tex.Civ.App., 253 S.W. 916, affirmed Tex.Com. App., 265 S.W. 888. See Glascock v. Price, 92 Tex. 271, 47 S.W. 965 (1898); Martin v. Hemphill, 237 S.W. 550 (1922); and Aboussie v. Aboussie, 270 S.W. 2d 636 (Tex. Civ.App., 1954) err.ref. and the discussion of the character of a partnership under Texas law as compared to Oklahoma and Louisiana law at 9 Southwestern Law Journal 174 and 175.

In many recent instances the Legislature has expressly provided in a statute that the term "person" shall include partnership. This practice has been so frequent that the failure to do so would seem significant in those cases where there is no express provision for such definition or

inclusion. See Articles 5577a, 1528c, 4476, 9116, 936, 5948, 7149, 7047b, 7057a, 5664, all Vernon's Texas Civil Statutes. The answer to your second question is no.

## SUMMARY

A foreign corporation which has entered into a Texas limited partnership as a limited partner must take out a certificate of authority to transact business in this State if the actions of the partnership or of the foreign corporation constitute the transacting of business in the State under Article 8.01 of the Texas Business Corporation Act, if done directly or alone by the foreign corporation. The acts described in this request do constitute transacting business in the State. The term "persons", as used in the Texas Uniform Limited Partnership Act, does not include partnerships.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Lawrence Jones

Lawrence Jones
Assistant

LJ:pc

APPROVED:

OPINION COMMITTEE:

James N. Ludlum, Chairman

H. Grady Chandler
J. W. Wheeler
Byron F. Fullerton

REVIEWED FOR THE ATTORNEY GENERAL
BY:

Geo. P. Blackburn