Matthew M. Levy, J.
Respondent moves to stay arbitration. (1) Respondent had solicited a textile broker to sell certain dacron yarn and by a sales note the sale was effectuated to the petitioner. The sales note, a copy of which was mailed by the broker to each of the parties, contained a provision for arbitration. That provision was binding on both parties (Matter of Lesavoy Industries [Brighton Mills], 304 N. Y. 595, 596; Matter of Kurlan [Dauray Textiles], N. Y. L. J., Feb. 3, 1956, p. 8, col. 4 [Spec. Term. Part I, Sup. Ct., N. Y. County, Matthew M. Levy, J.]).
(2) In the circumstances disclosed by this record, the authority of respondent’s' textile broker to enter into the particular sales note with petitioner cannot be disputed as to any part thereof. (Cf. Matter of Eimco Corp. [Peering, Milliken & Co.], 6 Misc 2d 422, 428-430.)
(3) Respondent further complains of petitioner’s delay in seeking arbitration. The sales note was dated September 11, 1956. Petitioner adequately explains the alleged time delay by the fact that the merchandise purchased by it was sold some time later (on June 17,1957) to another in the original package. The first complaint was made immediately after petitioner was informed on June 27, 1957, that the merchandise was defective. After petitioner’s claim was rejected and on October 10, 1957, demand for arbitration was made. It is my opinion that, as a matter of law, there is no such delay here as to justify a conclusion that there was a waiver of the right to arbitrate. Of course, this view is without prejudice in that regard to a consideration on the merits by the arbitrator as to whether any rights were lost, and, if so, the effect thereof (Matter of Tuttman [Kattan, Talamas Export Corp.], 274 App. Div. 395, 396; Klein Coat Corp. v. Peretz, 4 Misc 2d 341, 346).
Accordingly, the motion is denied.