940

■ In the Matter of the Arbitration between BOARD OF EDUCATION, UNION FREE SCHOOL DISTRICT NO. 7, TOWN OF NORTH HEMPSTEAD, GREAT NECK, Appellant, and HECKLER ELECTRIC COMPANY, INC., Respondent.— Appeal from an order denying appellant's application to stay arbitration requested by respondent, and directing the parties to proceed to arbitration. Order reversed upon the law and the facts, with $10 costs and disbursements, and application granted. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. The provisions of section 3813 of the Education Law must be deemed to be part of the terms of the contract (*Strauss* v. *Union Cent. Life Ins. Co.*, 170 N. Y. 349, 356) and no demand for payment of respondent's alleged damages was made as provided in said section. (Cf. *Matter of Baker* [*Board of Educ. of Cent. School Dist., No. 2*], 309 N. Y. 551.) Moreover, we are of opinion that the contract does not provide for arbitration between appellant and respondent as to what is described in the demand for arbitration merely as "the acts of the other contractors." Ughetta, Hallinan and Kleinfeld, JJ., concur; Beldock, Acting P. J., dissents and votes to affirm, with the following memorandum: A notice of arbitration is not the type of special proceeding contemplated by section 3813 of the Education Law. That section applies only to a proceeding instituted in a court and submitted to a court for determination. The respondent does not demand arbitration for damages by reason of the acts of other contractors, as stated by the majority. The respondent demands arbitration for damages by reason of the failure of the Board of Education to co-ordinate the work of the contractors and to co-ordinate the acts of the other contractors. These matters are clearly arbitrable. Murphy, J., dissents and votes to affirm, with the following memorandum: The claim is for extras and for damages which have been sustained by reason of failure of appellant to co-ordinate work which it let out by several separate contracts. The contract between the parties provides for arbitration of "any disagreement" between the parties. Whether the claim is within the comprehension of the agreement is for the arbitrators, as is also the question of compliance with the provisions of section 3813 of the Education Law (*Matter of Marchant* v. *Mead-Morrison Mfg. Co.*, 252 N. Y. 284, 298; *Matter of Lipman* [*Haeuser Shellac Co.*], 289 N. Y. 76; *Matter of Tuttman* [*Kattan, Talamas Export Corp.*], 274 App. Div. 395).

■ In the Matter of CHASE MANHATTAN BANK, as Trustee, Petitioner, against H. M. SCARBOROUGH et al., Constituting the ZONING BOARD OF APPEALS OF THE VILLAGE OF CORNWALL, Respondents, and FREDERICK GOLLOB, in Behalf of Himself and Others Similarly Situated, Intervenor-Respondent.— Proceeding under article 78 of the Civil Practice Act to review a determination of the Zoning Board of Appeals of the Village of Cornwall which denied petitioner's application for a building permit to erect a gasoline filling station on petitioner's property situated in a general business district under the local zoning ordinance. The proceeding was transferred to this court for disposition pursuant to section 1296 of the Civil Practice Act. Determination confirmed, with $50 costs and disbursements. No opinion. Nolan, P. J., Wenzel and Beldock, JJ., concur; Murphy and Ughetta, JJ., dissent and vote to annul the determination, with the following memorandum: There is no evidence in fact which would warrant a finding that the proposed use would result in odors, vibration, noise and fumes. The ordinance does not prohibit such results except when they are noxious, offensive and seriously detrimental. The evidence adduced with respect to undesirable noise applies to other properties which are operated as a garage and as a repair facility, or which are put to uses other than that of the modern gasoline filling station proposed to be erected. Remedies are available for any subsequent actual use of the premises in violation of the ordinance.